```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


PREVIN E. TAUER,

               Plaintiff,
                                      CIVIL ACTION
      vs.                             No. 04-3224-GTV

ROGER WERHOLTZ, et al.,

               Defendants.
```

## ORDER

This matter is before the court on plaintiff's motion to alter or amend judgment (Doc. 6). By its order entered on December 2, 2004 (Doc. 4), the court dismissed this matter based upon plaintiff's procedural default of administrative remedies.

The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir.

2004), the Tenth Circuit stated:

> "..we ... hold[] that the PLRA...contains a procedural default concept within its exhaustion requirement. [Citation omitted.] A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them.' [Citation omitted.]" Ross, 365 F.3d at 1186.

Based upon that holding, this court determined the present action is barred due to plaintiff's failure to timely pursue administrative remedies.

It is clear from the record that prison officials declined to review plaintiff's complaint pursuant to a state administrative regulation, K.A.R. 44-15-101b, that provides, in part:

> Grievances shall be filed within 15 days from the date of the discovery of the event giving rise to the grievance, excluding Saturdays, Sunday, and holidays. No grievance, regardless of the time of discovery, shall be filed later than one year after the event.

Plaintiff's grievance, dated June 14, 2004, addressed his placement in administrative segregation from October 27, 1997 through July 20, 2002. The grievance was properly rejected under the state regulation, and plaintiff's procedural default

of the administrative remedy procedure bars this action under the holding in <u>Ross</u>.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to alter or amend judgment (Doc. 6) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 26th day of April, 2005.

/s/ G. T. VanBebber<br>
G. T. VANBEBBER<br>
United States Senior District Judge